## SECOND DEPARTMENT, MAY, 1925.

In the Matter of the Petition of JOSEPH PICONE, Appellant, for an Order Compelling the COMMISSIONER OF LICENSES OF THE CITY OF NEW YORK, Respondent, or Such Person as May Be in Control of the License Bureau in Brooklyn, to Issue a Junk Boat License to the Petitioner Herein.

*Municipal corporations — junk boat license — order denying peremptory mandamus order to compel commissioner of licenses of New York city to grant petitioner junk boat license is affirmed.*

Appeal from an order of the Supreme Court, made at the Kings Special Term and entered in the Kings county clerk's office on February 10, 1925, denying the petitioner's application for a peremptory mandamus order requiring respondent commissioner of licenses to grant to him a junk boat license.

Order affirmed, with ten dollars costs and disbursements. No opinion. Jaycox, Manning and Young, JJ., concur; Kelly, P. J., reads for modification and granting of an alternative mandamus order, with whom Kapper, J., concurs.

KELLY, P. J. (dissenting): If the refusal to issue a junk boat permit was based upon the failure of applicant to obtain a junk shop license, I am not prepared to say that such a requirement would not be reasonable. The commissioner of licenses might well demand that the applicant should have some definite place or headquarters for his business instead of the migratory junk boat. But this is not the reason offered by the commissioner and the learned justice at Special Term expressly excludes it in his memorandum. The reason for the refusal to grant the license as stated in the commissioner's affidavit is that " various marine organizations " object to junk boats, and the " entire marine industry was up in arms about the matter and insisted that the junk boats served no useful purpose and should not be licensed indiscriminately." I agree that they should not be licensed indiscriminately. I do not agree that the " marine organizations " of the " entire marine industry," whatever they may be, have any right to prohibit a calling as ancient as their own. If it be said that some junk boat men are thieves and rogues, that is no more reason for prohibiting the calling than it would be to prohibit many other occupations, trades and professions. It will be noted that the commissioner does not suggest that he will at any time issue a license to the relator. He says in his affidavit: " I have been satisfied by my investigations. that the business of junk dealers should be carried on in an honest and profitable manner without the aid of these boats, which evidently used the licenses for the purpose of preying upon the community." He has not set a limit on the number of licenses to be granted. He states his purpose to do away with them altogether, although the Code of Ordinances of the City of New York (Chap. 14, art. 9.

§§ 120–122)* expressly provides for licensing junk boat men. A license under the police power, as distinguished from the taxing power, involves the right to regulate but not to prohibit, and it cannot be exercised capriciously or arbitrarily. If the relator can show that he is a fit and proper person to engage in his calling thus recognized in the city ordinances, I think he would be entitled to a license. If he is one of the objectionable persons referred to by the commissioner, the license should be refused. If the city authorities for good and sufficient reasons desire to abolish the business of junk boat men altogether, then proper laws and ordinances should be enacted for the purpose. As long as the ordinance recognizes the calling and provides for licensing those engaged in it, the commissioner has no right to refuse a license because he thinks the business should be prohibited altogether. I think that the order denying the mandamus should be modified by providing that an alternative mandamus order should issue upon which the validity and reasonableness of the commissioner's objections may be tested. Kapper, J., concurs.